**Perkins Coie**

1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711

F. +1.212.977.1649
PerkinsCoie.com

Dennis C. Hopkins
DHopkins@perkinscoie.com
D.  +1.212.262.6916

October 29, 2019

Honorable Kiyo A. Matsumoto
U.S. District Court, Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

Re:    *Rivas v. The Hershey Co.*, Case No. 1:19-cv-03379-KAM-SJB

Dear Judge Matsumoto:

Defendant The Hershey Company ("Hershey") submits this letter to the Court seeking a pre-motion conference to discuss the bases for dismissing the class action Complaint filed by Plaintiff Eva Rivas ("Plaintiff"). Plaintiff alleges Hershey's Kit Kat® Wafer Bars with White Crème (the "Product") are marketed and presented in a manner that creates the false impression that the Product contains white chocolate, even though the Product's ingredient list does not include cocoa butter (cacao fat), an essential component of the legal definition of white chocolate. Compl. ¶ 4–5. Plaintiff alleges violations of all 50 states' consumer protection statutes and claims of negligent misrepresentation, breach of express and implied warranties, fraud, and unjust enrichment. *Id.* ¶¶ 67–111. As outlined below, Hershey seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

***Standing for Non-New York Consumer Protection Claims.*** In a class action with multiple claims, at least one named class representative must have standing with respect to each claim. *See Precision Associates, Inc. v. Panalpina World Transport, (Holding) Ltd.*, 2013 WL 6481195, *10, 15 (E.D. N.Y. 2013). Plaintiff, the sole named class representative and a New York citizen, only raises claims under the New York General Business Law ("GBL"), but the Complaint asserts claims under the consumer protection laws of the other 49 states, purportedly on behalf of John and Jane Doe plaintiffs. Compl. ¶¶ 50–51. In New York, however, "one may not use a 'John Doe' plaintiff in order to represent a class of which one is not a member." *Goldberg v. Corcoran*, 549 N.Y.S.2d 503, 506 (1989); *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *11–13 (E.D.N.Y. Sept. 22, 2015). Thus, all non-New York consumer protection claims must be dismissed.

***Implausible Theory of Consumer Deception.*** Plaintiff's claims under GBL sections 349 and 350 must also be dismissed. To bring a claim under either section of the GBL, Plaintiff must plausibly allege that Hershey's purportedly deceptive conduct "is 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 752 N.Y.S.2d 400, 403 (2002); *see also Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Federal courts routinely dismiss false advertising claims at the pleading stage, where, as here, the context reveals that the allegedly deceptive practice was fully disclosed. *See, e.g., Clark v. Perfect Bar, LLC*, 2018 WL 7048788 (N.D. Cal. Dec. 21, 2018) (rejecting argument that a nutrition bars' marketing and labeling misled consumers about its sugar content where "the actual ingredients were fully disclosed."); *Chen v. Dunkin' Brands, Inc.,* No. 1:17-cv-3808-CBA-RER, Dkt. No. 23 (E.D.N.Y. Sept. 17, 2018) (dismissing challenge

to "reasonable consumer's" interpretation of the term "Angus Steak" where "Angus beef" appeared on the product's ingredient list); *Chuang v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4286577, at *6 (C.D. Cal. Sept. 20, 2017); *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) ("Every reasonable shopper knows that the devil is in the details. Moreover, any potential ambiguity could be resolved by the back panel of the products, which listed all ingredients in order of predominance, as required by the FDA.").

Here, as Plaintiff recognizes, the Product's ingredients list indicates it does not contain cocoa butter (cacao fat). Compl. ¶ 4. Indeed, the Product's packaging (front label) describes the candy as "Crisp Wafers 'n Crème" and the ingredients list states the product contains 2% or less of chocolate. *Id.* ¶¶ 2, 6. Under the circumstances, it is simply not plausible that the Products' packaging or any marketing statement by Hershey would mislead a reasonable consumer into believing the Product contains white chocolate. *See Joslin v. Clif Bar & Co.*, No. 4:18-cv-04941-JSW, Dkt. No. 27 (N.D. Cal. Aug. 26, 2019) (dismissing GBL claim where product packaging (front panel) clearly indicated the product was not white chocolate by using the phrase "Natural Flavor" and ingredients list did not include white chocolate).

***Failure to Plead Fraud with Particularity Under Rule 9(b).*** "To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 343 (E.D.N.Y. 2018). Claims of fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b). Thus, "a plaintiff must: (1) specify the alleged fraudulent statement; (2) identify the speaker; (3) state where, when and to whom the statement was made; and (4) explain why the statement was fraudulent." *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *2 (S.D.N.Y. Oct. 26, 2016). Here, Plaintiff simply alleges that "where two identical products—KitKats—are placed next to each other and one is labeled 'Dark' and the other 'White,' these terms are shorthand for the type of chocolate they contained." Compl. ¶ 108. Not only does this allegation fail to identify any actionable misrepresentation or omission by Hershey, it ignores the Product's packaging, which clearly describes the Product as "Crisp Wafers n' Crème," while Kit Kat Dark is described as "Crisp Wafers in Dark Chocolate." *Id.* ¶¶ 2, 11; *see also Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 101 (S.D.N.Y. 1997) (noting that when pleading fraud by omission, Rule 9(b) requires a plaintiff "to specify the context in which the omission was made and the manner in which it misled Plaintiff."). Plaintiff cannot identify any actionable omission because the Product's packaging and ingredients list clearly indicate the confection is made of "Crème" and contains very little chocolate. Compl. ¶¶ 2, 4.

***Negligent Misrepresentation.*** Plaintiff's negligent misrepresentation claim fails for two reasons. First, where only economic injury is alleged, the claim requires the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff. *See Ossining Union Free Sch. Dist. v. Anderson LaRocca Anderson*, 73 N.Y.2d 417, 424 (1989). Plaintiff has not plausibly alleged either type of relationship. *See* Compl. ¶¶ 93–98. Nor can she, as such relationships do not arise from arms' length transactions or advertisements directed at consumers. *See Izquierdo*, 2016 WL 6459832 at *8–9; *see also Stoltz*, 2015 WL 5579872 at *23–26. Second, the claim is barred by the economic loss doctrine, which "restricts the remedy of plaintiffs who have suffered economic loss, but not personal or property injury, to an action in contract." *Elkind v. Revlon Consumer Prod. Corp.*, 2015 WL 2344134, at *12

(E.D.N.Y. May 14, 2015) (dismissing negligent misrepresentation claim). Plaintiff's alleged losses are purely economic. Compl. ¶ 98; *id.* at 17–18 (Prayer).

***Warranty Claims.*** "Express warranty claims should be dismissed absent specific factual references in the complaint to any oral or written warranties." *Fagan v. AmerisourceBergen Corp.*, 356 F. Supp. 2d 198, 216 (E.D.N.Y. 2004). Here, the Complaint does not allege any specific facts regarding an oral or written warranty made by Hershey. Instead, Plaintiff claims Hershey misrepresented certain attributes of the Product "through omission, and failure to correct misimpressions" and "directly and indirectly" warranted "that the Product[s] contained cacao fat." Compl. ¶¶ 100–101. Plaintiff does not identify any specific oral or written statement made by Hershey, although she points to statements made by reporters, consumers, and third-party retailers. *Id.* ¶¶ 6–17. This is insufficient.

In New York, implied warranty claims may be brought only by those in privity with the named defendant. *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 530 (E.D.N.Y. 2012); *Abraham v. Volkswagen of Am., Inc.,* 795 F.2d 238, 249 (2d Cir. 1986). Plaintiff's failure to allege where she purchased the Product, let alone that she bought it directly from Hershey is fatal to her claim. *See generally* Compl.

***Unjust Enrichment.*** In New York, an unjust enrichment claim "is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012); *see also Stolz*, 2015 WL 5579872 at *26 (dismissing unjust enrichment claim that was duplicative of negligent misrepresentation claim). Plaintiff's unjust enrichment claim should be dismissed because it relies on the same allegations as the fraud, negligent misrepresentation, warranty, and consumer protection claims.  *See* Compl. ¶ 110.

***Injunctive Relief.*** "A plaintiff lacks standing for injunctive relief where the complaint fails to establish a 'real or immediate threat' of injury." *Izquierdo*, 2016 WL 6459832, at *5. Here, Plaintiff has only vaguely alleged the ***possibility*** of future injury. *See* Compl. ¶ 57 ("Plaintiff would consider purchasing the Products again if there were assurances that the Products' representations were no longer misleading."). This is insufficient to establish future harm. *See Izquierdo*, 2016 WL 6459832, at *5; *see also Alce v. Wise Foods, Inc.*, 2018 WL 1737750, at *6 (S.D.N.Y. Mar. 27, 2018).

For these reasons, Hershey believes the Complaint should be dismissed.

***Proposed Briefing Schedule.*** Hershey proposes filing its motion by November 27, 2019, with Plaintiff's response due on December 20, 2019, and the reply due on January 17, 2020. Alternatively, Hershey requests a filing deadline that is at least three weeks from the date the Court issues its order permitting the filing of the motion.

Respectfully Submitted,


/s/ *Dennis Hopkins*
Dennis Hopkins
Perkins Coie LLP

*Attorneys for Defendant The Hershey Company*