Sheehan & Associates, P.C.

505 Northern Boulevard, Suite 311, Great Neck, NY 11021
tel. 516.303.0552
fax 516.234.7800
spencer@spencersheehan.com

November 1, 2019

District Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   1:19-cv-03379-KAM-SJB
      Rivas et al v. The Hershey Company

Dear District Judge Matsumoto:

This office represents the plaintiffs. On October 29, 2019, defendant served and filed a letter seeking a pre-motion conference pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 6. In accordance with your Honor's Chambers Practices ("Individual Rules") and Order of October 22, 2019, plaintiffs are required to serve and file a letter response by October, 25, 2019.

I.   **Issues of Fact Preclude Disposition at Pleading Stage**

Defendant argues that the facts in the complaint present an "implausible theory of consumer deception." ECF No. 7 at 1. Defendant relies on the term "Crème" and the ingredient list to support its position that no reasonable consumer would be misled. However, even *if* defendant's argument – based on disputed facts – is true, plaintiffs' claims are still viable.

This is because the complaint alleges (1) the Products are misrepresented – by affirmative statements of defendant's partners and affiliates – as "white chocolate" *and* (2) the Products are "imitation white chocolate." ECF No. 1 at ¶¶ 39-40 ("The imitation white chocolate in the Product does not have cocoa butter as required, and instead has other cheap confectionary ingredients to imitate the taste of white chocolate…the most-valued component – cacao fat – was substituted for lesser quality ingredients – palm, shea and sunflower oils.").

Federal regulations state a food is an imitation "if it is a substitute for and resembles another food but is nutritionally inferior to that food." 21 C.F.R. § 101.3(e)(1). Plaintiff has alleged the Products are a substitute for real white chocolate and resemble white chocolate. ECF No. 1, ¶¶ 18, 22.

The complaint further alleges the Products are nutritionally inferior to the food they attempt to substitute for "because the most-valued component – cacao fat – was substituted for lesser quality ingredients – palm, shea and sunflower oils." ECF No. 1 at ¶ 40.

To be clear, all foods that resemble or substitute for other foods are not "imitations." Such a reading of the requirements would result in disarray and illogical outcomes. Even if it is accepted that the name of the products – "Crisp Wafers 'n Crème" is "an appropriately descriptive term that is not false or misleading" or a "fanciful name," the Products remain "nutritionally inferior to the food for which it substitutes and which it resembles." 21 C.F.R. § 101.3(e)(2)(i)-(ii). As plaintiffs have alleged the Products are nutritionally inferior to white chocolate due to the absence of cacao

fat and defendant cannot dispute the Products' labels do not contain "the word "imitation" [and, immediately thereafter,] the name of the food imitated," the distinction between "white crème" and "white chocolate" is insufficient to dismiss the complaint.

## II. Common Law Claims

### A. Warranty Claims

Express warranty claims are based on an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." N.Y.U.C.C. § 2-313(1)(a). Defendant notes that "the Complaint does not allege any specific facts regarding an oral or written warranty made by Hershey," but fails to note that the Complaint alleges the Products are "described as 'white chocolate' by third-parties whom it has the authority and ability to correct." ECF No. 7; No. 1 at ¶ 34. Whether defendant exercised a degree of control sufficient to direct its sellers to either engage or refrain from allegedly misleading statements is a question of fact, not suitable for disposition at the pleading stage.

Neither is privity required for express warranty claims, as the New York Court of Appeals "'dispensed with' the privity requirement in actions 'for breach of express warranty by a remote purchaser against a manufacturer who induced the purchase by representing the quality of the goods in public advertising and on labels which accompanied the goods.'" *Suarez v. Cal. Natural Living, Inc.*, No. 17-cv-9847, 2019 WL 1046662 quoting *Randy Knitwear, Inc. v. American Cyanamid Co.*, 11 N.Y. 2d 5 at 11 (1962).

Defendant's challenge to the implied warranty claims based on the absence of privity fails to recognize the two exceptions to the absence of privity. These exceptions are (1) whether the party asserting the claims is a third-party beneficiary and (2) whether the item sold is a "thing of danger." *Marshall v. Hyundai Motor Am.*, 51 F.Supp.3d 451, 469 (S.D.N.Y.2014) (New York Law requires that the contract between the two principal parties be for the benefit of third-party). Here, defendant's agreements with its retailers were made to benefit plaintiff through the sale of the Products.

### B. Fraud Claims are Pled with Particularity

Plaintiff's fraud claims are sufficient because the complaint plainly states that "Lifetime Maps" was a fraudulent statement made by defendant. To state a claim for common law fraud under New York law, a plaintiff must allege "(1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." Fin. Guar. Ins. Co. v. Putnam Advisory Co., 783 F.3d 395, 402 (2d Cir. 2015). By failing to label the Products as an imitation of white chocolate and by its actions directing the placement of the Products not with general confectionery but with chocolate, and through the directions and supervision provided to retailers, plaintiffs' allegations of fraud are sufficient under the heightened pleading standards of Fed. R. Civ. P. 9.

### C. Unjust Enrichment Claims Cannot be Decided Until Decision on State Law and Statutory Claims

Whether plaintiffs' unjust enrichment claims are duplicative can only be ascertained in the

event of a decision from this Court on the common law and statutory claims. Based on the reasoning applied by the Court, there may be a circumstance where the allegations fail to fit within one of the specific state law claims, yet suffice to state a claim for unjust enrichment.

    D. <u>Plaintiff has Standing to Seek Injunctive Relief</u>

Defendant opposes plaintiff's request for injunctive relief to correct the challenged representations, because "the complaint fails to establish a 'real or immediate threat' of injury." ECF No. 7 at 3 citing *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *5 (S.D.N.Y. Oct. 26, 2016). However, defendant's argument ignores that "an injunction in connection with a class action is designed to afford protection of *future consumers* from the same fraud. It does this by permitting the plaintiff to sue on their behalf." *Belfiore v. Procter & Gamble Co.*, F.Supp.3d 440, 445 (E.D.N.Y. 2014) (emphasis added). To hold otherwise "denigrate[s] the New York consumer protection statute, designed as a major support of consumers who claim to have been cheated." Id.

**III.**    **Conclusion**

Defendant's request for a pre-motion conference should be denied. Should the Court request the inclusion of additional factual matter based on any legal theory identified in this letter, plaintiff will file a first amended complaint. Fed. R. Civ. P. 15(a)(1)(B); *Martinez v. LVNV Funding, LLC*, No. 14-cv-00677, 2016 WL 5719718, at *3 (E.D.N.Y. Sept. 30, 2016); *M.E.S., Inc. v. Liberty Mut. Sur. Group.*, No. 10-cv-0798, 2014 WL 46622 (E.D.N.Y. Jan. 6, 2014), *2 (noting that a plaintiff's amendment as of right in response to defendant's pre-motion letter seeking dismissal "allow[s] for the more efficient use of the Court's time and resources because the Court need only meet with the Parties once…and the need for the motion may be obviated if the amended pleading deals with Defendants' concerns.").

    Thank you.

                                             Respectfully submitted,

                                             /s/ Spencer Sheehan
                                             Spencer Sheehan

Certificate of Service

I certify that on November 1, 2019, I served the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ |

/s/ Spencer Sheehan
Spencer Sheehan