PERKINSCOIe

1155 Avenue of the Americas  T +1.212.262.6900
22nd Floor                    F +1.212.977.1649
New York, NY 10036-2711       PerkinsCoie.com

April 14, 2020

Dennis C. Hopkins
DHopkins@perkinscoie.com
D. +1.212.262.6916
F. +1.212.977.1646

Honorable Kiyo A. Matsumoto
U.S. District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 6CS
Brooklyn, New York 11201

Re: *Rivas v. The Hershey Company*, Case No. 1:19-cv-03379-KAM-SJB

Dear Judge Matsumoto:

This office represents Defendant The Hershey Company ("Hershey") in the above-referenced matter. On February 27, 2020, Hershey filed the fully-briefed Motion to Dismiss. *See* ECF Nos. 14, 15, 16, and 17. We write to inform the court of a recent decision and order entered by the District Court for the Northern District of California on April 8, 2020 that addresses the same allegations and arguments that are at issue in our case. See *Cheslow v. Ghiradelli Chocolate Company*, 2020 WL 1701840, Case No. 19-cv-07467-PJH (N.D. Calif. April 8, 2020). We have attached the opinion for Your Honor's convenience.[1]

The allegations and arguments in the *Cheslow* case are almost identical to the allegations and arguments in this case. The plaintiff in *Cheslow* alleged that she purchased Ghiradelli Premium Baking Chips Classic White Chips (the "product") believing that the product contained white chocolate, but it did not. Although the plaintiff in *Cheslow* brought the claims under California law, both California and New York law apply the reasonable consumer test in determining whether a plaintiff has plausibly stated a claim to survive a motion to dismiss. In granting Ghiradelli's motion to dismiss, the *Cheslow* court held that, as a matter of law, a reasonable consumer would not be deceived that the product contained white chocolate. Specifically, the court found, in part:

- The term "white chips" "does not define the food itself but rather defines the color of the food." *Id.* at *5.

- The product labeling is not misleading. The label does not state that the product contains chocolate. *Id*. at *7.

---

[1] We have attached both the ECF version of the Opinion, accessed through PACER, and the Westlaw version because the ECF version contains depictions of the packaging, but the Westlaw version currently does not.

Honorable Kiyo A. Matsumoto
April 14, 2020
Page 2

- A consumer cannot ignore the ingredient list that does not include the words chocolate or cocoa. *Id*. at *7-8.

- The fact that the product was placed in stores near other Ghiradelli products that contain chocolate is not deceptive. First, there were no allegations in the complaint that the defendant controlled the action of third parties who stock the store shelves. Second, the placement of the white chips near the chocolate versions of the chips "could just as easily mean that the products are all made by the same manufacturer and therefore grouped together to distinguish from products made by other manufacturers." *Id*. at 9. Third, "that a package marked white chips is closely placed alongside packages marked semi-sweet chocolate, bitter-sweet chocolate, or milk chocolate only serves to highlight the absence of the word 'chocolate' in the description of "white chips." *Id*. at *9.

For the same reasons that the court in *Cheslow* found that no reasonable consumer would be deceived as a matter of law into believing that the Ghiradelli product contained white chocolate, so too here, no reasonable consumer could be deceived that the Hershey product at issue in this case contained white chocolate. Accordingly, Hershey's motion to dismiss should be granted.

Should Your Honor find additional briefing on the *Cheslow* opinion helpful in deciding the pending motion to dismiss, we are happy to submit one.

As always, we thank the Court for its attention to this matter.

Respectfully submitted,


*/s/ Dennis Hopkins*
Dennis Hopkins
Perkin Coie LLP

Attorneys for Defendant The Hershey Company

cc:     Spencer Sheehan, Esquire (via spencer@spencersheehan.com)

Perkins Coie LLP