| | |
|---|---|
| **Sheehan & Associates, P.C.** | 505 Northern Boulevard, Suite 311, Great Neck, NY 11021<br>tel. 516.303.0552<br>fax 516.234.7800<br>spencer@spencersheehan.com |

April 18, 2020

District Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   1:19-cv-03379-KAM-SJB
     Rivas, et al v. The Hershey Company

Dear District Judge Matsumoto:

This office represents the plaintiff. On Tuesday, April 14, 2020, defendant The Hershey Company ("defendant") filed a letter to this court citing supplemental authority in support of defendant's motion to dismiss. ECF No. 17. That letter brought to this court's attention a recent case decided in the District Court for the Northern District of California on April 8, 2020. *Cheslow v. Ghiradelli Chocolate Company*, 2020 WL 1701840, Case No. 19-cv-07467-PJH (N.D. Calif. April 8, 2020).

Defendant asserts that the "allegations and arguments in the *Cheslow* case are almost identical to the allegations and arguments in this case." ECF No. 17. While the allegations and arguments in *Cheslow* are facially similar to the allegations and arguments in this case, to call them "almost identical" is misleading.

First, as noted in defendant's letter providing the additional authority, *Cheslow* was decided under California law. ECF No. 17. While both New York and California do employ the reasonable consumer standard in cases alleging deceptive practices, New York differs from California in not requiring reliance as an element of claims under General Business Law §§ 349 and 350. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 623 N.Y.S.2d at 532-33; *Mennen Co. v. Gillette Co.*, 565 F. Supp. 648, 655 (S.D.N.Y. 1983). To this end, many of the findings in *Cheslow* are inapplicable to this case. Namely, this court should not be guided by the *Cheslow* holding finding that Ghiradelli's website and "bait and switch" tactics were not actionable. *Cheslow* WL 1701840 at *8-9. The *Cheslow* court in each instance found that the plaintiffs in that case did not allege any reliance on these alleged misrepresentations and deceptions. Such a holding is not relevant to this case and the causes of action brought under New York General Business Law §§ 349 and 350.

Further, defendant relies upon the holding in *Cheslow* that the product's placement in stores near other Ghiradelli products that contain chocolate is not deceptive. ECF No.17. Defendant cites the *Cheslow* holding that "there were no allegations in the complaint that the defendant controlled the action of third parties who stock the store shelves." *Id*. That is not true in this case.

First, plaintiff states that "[d]efendant has arranged for the Products to be placed (1) side-by-side with its 'opposite' dark chocolate variety and (2) on the shelves which contain chocolate products as opposed to with other confections not containing cacao fat in retail stores." ECF No. 1 at ¶ 11. Second, plaintiff in this case makes abundantly clear that defendant has significant

control over the actions of third parties who stock the virtual shelves of the internet that supply the point of sale to countless customers. *Id.* at ¶ 7 ("Defendant provides the product descriptions to third-party websites or has direct control over the entities which supply such information and has the ability to remove all white chocolate references in describing the Products.").

Finally, defendant makes three related observations based on the findings of *Cheslow* that are similarly inapplicable to this case: (1) the term "white chips" does not define the food itself but rather defines the color of the food, (2) the label is not misleading because it does not state that the product contains chocolate and (3) a consumer cannot ignore the ingredient list that does not include the words chocolate or cocoa. ECF No. 17.

These three observations are inapplicable to this case for the same reason. In *Cheslow* the court found "[p]laintiffs and the general consuming public are not free to ignore the ingredient list that does not include the words chocolate or cocoa. Accordingly, it is not plausible that a reasonable consumer would be deceived by the product's packaging." *Cheslow* WL 1701840 at *8.

This finding is not applicable in this case. Defendant's product's ingredient list does contain chocolate. ECF No. 1 ¶ 4 ("Contains 2% or Less of: Chocolate."). Defendant's motion to dismiss attempts to dispel with this issue by stating, "A consumer faced with a label calling a product 'Crème' and an ingredient list indicating the product contains 2% chocolate, cannot reasonably believe that the product is coated in white chocolate. Crème is not white chocolate." ECF No. 13 at 1. Since defendant's products do contain chocolate on the ingredient list, to state that a reasonable consumer would not believe the product to be coated in white chocolate simply because the ingredient list says it contains 2% or less of chocolate is conclusory. Whether or not a reasonable consumer would believe such an ingredient list – in concert with the product's packaging and labelling – indicates a white chocolate product is a question of fact. *See* ECF No. 13 at 3 ("Though defendant asserts the issues before the Court are unambiguous, a closer look reveals nuance and context, requiring a fact intensive analysis.") (citing *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) ("[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial.")). Thus, whether the ingredient list here would deceive a reasonable consumer into believing that the product is indeed a white chocolate product when it is not is an intensely factual question not appropriate to be decided upon a motion to dismiss. How the advertising of the product as "white" and the fact that the product's label does not state that it is chocolate affects the conclusions of a reasonable consumer are similarly questions of fact requiring a nuanced look at the context. *Id.*

                                              Respectfully submitted,

                                                /s/Spencer Sheehan
                                              Spencer Sheehan

Certificate of Service

I certify that on April 18, 2020, I served or emailed the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan
Spencer Sheehan